**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**(ROCK HILL DIVISION)**

| | | |
|---|---|---|
| NUTRAMAX LABORATORIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CA. No. 0:16-1513-JMC |
| | ) | |
| VITEGRITY LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nutramax Laboratories, Inc. ("Nutramax Labs" or "Plaintiff"), through its undersigned counsel, files this Complaint against Defendant Vitegrity LLC ("Vitegrity" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. In this action for patent infringement, Plaintiff seeks damages and permanent injunctive relief against Vitegrity, a company that is offering for sale and selling a nutritional supplement product—specifically a "Joint Health Supplement" marketed under the name "VitegriFlex"—that infringes United States Patent Number 6,797,289 ("the '289 Patent") and United States Patent Number 8,753,697 ("the '697 Patent") (collectively, "the Patents-in-Suit"), which are owned by Nutramax Labs.

## THE PARTIES

2. Nutramax Labs is a Maryland corporation with its principal place of business in Edgewood, Maryland. Nutramax Labs is the assignee of the Patents-in-Suit. Nutramax Labs has spent decades and millions of dollars researching and developing—and, through its wholly-owned subsidiaries, marketing, distributing, and selling—high-quality and well-respected

nutritional supplement products for humans and animals throughout the United States and around the world. Nutramax Labs has wholly-owned subsidiaries in this judicial district.

3. Upon information and belief, Vitegrity is a Florida company with its principal place of business in Ozona, Florida.

## JURISDICTION AND VENUE

4. This action arises under the United States Patent Laws, 35 U.S.C. §§ 1, *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has committed acts of patent infringement within this judicial district in violation of 35 U.S.C. § 271, including offering for sale its VitegriFlex product in this judicial district. Upon information and belief, Defendant offers to sell and sells its products to customers in this judicial district. Upon information and belief, Defendant transacts business in South Carolina, solicits customers in South Carolina, and has purposely availed itself of the privileges and benefits of the laws of South Carolina. Upon information and belief, Defendant also derives substantial revenue from the sale of its products, including VitegriFlex, within this judicial district. Defendant should reasonably expect its actions in South Carolina to have consequences within this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400.

## THE PATENTS-IN-SUIT

7. Nutramax Labs is the assignee of the ’289 Patent, titled “Use of Anabolic Agents, Anti-Catabolic Agents, Antioxidant Agents, and Analgesics for Protection, Treatment and Repair of Connective Tissues in Humans and Animals.” The United States Patent and Trademark Office (“USPTO”) issued the ’289 Patent on September 28, 2004. A true and correct copy of the ’289 Patent is attached hereto as Exhibit A.

8. Nutramax Labs is the assignee of the ’697 Patent, titled “Use of Anabolic Agents, Anti-Catabolic Agents, Antioxidant Agents, and Analgesics for Protection, Treatment and Repair of Connective Tissues in Humans and Animals.” The USPTO issued the ’697 Patent on June 17, 2014. A true and correct copy of the ’697 Patent is attached hereto as Exhibit B.

**VITEGRITY’S INFRINGING ACTS**

9. Defendant Vitegrity offers for sale its VitegriFlex product in the United States, including this judicial district, directly at least through its website http://vitegritystore.com/ and indirectly at least through Amazon.com. A true and correct copy of http://vitegritystore.com/products/vitegriflex is attached here as Exhibit C and a true and correct copy of the relevant page from Amazon (http://www.amazon.com/gp/product/B00I8Y6GFS/ref=s9_dcbhz_bw_d0_g121_i1_sh) is attached here as Exhibit D.

10. Upon information and belief, Defendant sells its VitegriFlex product in the United States, including this judicial district.

11. Upon information and belief, VitegriFlex is manufactured in the United States.

12. Defendant advertises that the formulation for VitegriFlex uses “ingredients proven effective for reducing joint pain and inflammation.” A listing of VitegriFlex’s ingredients is available on the Vitegrity website at: http://vitegriflex.com/ingredients.html. A true and correct copy of http://vitegriflex.com/ingredients.html is attached here as Exhibit E.

13. Defendant’s label and advertising for VitegriFlex represent that VitegriFlex contains, among other things, an amino sugar, a glycosaminoglycan, and avocado soybean unsaponifiables (“ASU”). Defendant’s label and advertising for VitegriFlex further represents that the product contains, among other things, 1500 mg of glucosamine sulfate (an amino sugar), 1200 mg of chondroitin sulfate (a glycosaminoglycan), and ASU. *See* Exhibit E.

14. Upon information and belief, the combination of glucosamine sulfate and ASU in VitegriFlex falls within one or more claims of the ’289 Patent.

15. Upon information and belief, the combination of chondroitin sulfate and ASU in VitegriFlex falls within one or more claims of the ’697 Patent.

**COUNT I**
**(Direct Infringement of the ’289 Patent)**

16. Plaintiff realleges paragraphs 1-15 above as if fully set forth herein.

17. Defendant infringes one or more claims of the ’289 Patent by offering for sale, selling, and/or distributing its VitegriFlex product, which is advertised as containing a combination of an amino sugar and ASU, a combination that falls within one or more claims of the ’289 Patent.

18. Defendant has no right or license to offer for sale, sell, or distribute a product that infringes the ’289 Patent, and Plaintiff has not consented to Defendant’s infringement.

19. Plaintiff has been damaged and irreparably harmed by Defendant’s infringement of the ’289 Patent. Plaintiff will continue to suffer damages and irreparable harm unless this Court enjoins Defendant from further infringement.

**COUNT II**
**(Direct Infringement of the ’697 Patent)**

20. Plaintiff realleges paragraphs 1-15 above as if fully set forth herein.

21. Defendant infringes one or more claims of the ’697 Patent by offering for sale, selling, and/or distributing its VitegriFlex product, which is advertised as containing a combination of glycosaminoglycan and ASU, a combination that falls within one or more claims of the ’697 Patent.

22. Defendant has no right or license to offer for sale, sell, or distribute a product that infringes the ’697 Patent, and Plaintiff has not consented to Defendant’s infringement.

23. Plaintiff has been damaged and irreparably harmed by Defendant’s infringement of the ’697 Patent. Plaintiff will continue to suffer damages and irreparable harm unless this Court enjoins Defendant from further infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a judgment that Defendant has infringed one or more claims of the ’289 Patent;

B. Enter a judgment that Defendant has infringed one or more claims of the ’697 Patent;

C. Award Plaintiff damages against Defendant pursuant to 35 U.S.C. § 284 that are adequate to compensate Plaintiff for Defendant’s infringement of the Patents-in-Suit, but in no event less than a reasonable royalty for the use made of the claimed inventions, together with interest and costs;

D. Permanently enjoin, under 35 U.S.C. § 283, Defendant, its officers, agents, servants, employees, attorneys, successors, and assigns and all other persons in active concert or participation with any of them from infringing the Patents-in-Suit;

E. Permanently enjoin, under 35 U.S.C. § 283, Defendant, its officers, agents, servants, employees, attorneys, successors, and assigns and all other persons in active concert or participation with any of them from offering for sale, selling, and/or distributing the product VitegriFlex within the United States;

F. Declare that Defendant's infringement was and is willful from the time it became aware of the infringing nature of its product and awarding treble damages for the period of such willful infringement of the Patents-in-Suit, pursuant to 35 U.S.C. § 284;

G. Declare this an exceptional case within the meaning of 35 U.S.C. § 285 and award Plaintiff its reasonable attorneys' fees, costs, and expenses; and

H. Grant such other relief as the Court may deem just and proper.

**PRAYER FOR JURY TRIAL**

Plaintiffs respectfully pray for a trial by jury on all issues triable to a jury.

Dated: May 10, 2016

Respectfully submitted,

/s/ Kevin A. Hall
Federal ID No. 5375
M. Todd Carroll
Federal ID No. 9742
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
1727 Hampton Street
Columbia, S.C. 29201
(803) 454-6504
kevin.hall@wcsr.com
todd.carroll@wcsr.com

*Of counsel:*

John W. Cox, Ph.D.
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
271 17th Street, NW, Suite 2400
Atlanta, Georgia 30363
(404) 872-7000
jwcox@wcsr.com
*Pro Hac Vice Application to be filed*

*Attorneys for Plaintiff Nutramax Laboratories, Inc.*